UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

V.                                  Docket Numbers 97-00245 (PG)

ANGEL CHEVERE GONZALEZ

    Defendant

## DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

Now comes the Defendant, Angel C. Gonzalez, pro se, who respectfully motions this Court for modification of sentence, based on the following grounds:

On or about November 4, 1997, defendant Gonzalez was arrested by a special task force of F.B.I. and D.E.A. agents in collaboration with officers of the Puerto Rican Police Department. Defendant was formerly charged with multiple defendants in a conspiracy to possess with the intent to distribute an excess of 1,000 kilograms of cocaine, 5-kilograms of herion and 5,000 pounds of marijuana, a class "A" felony, under 21 U.S.C. § 846, upon indictment on February 5, 1998.

On October 1, 1999 following a trial by jury, defendant was found guilty of conspiracy to distribute 50-kilograms of cocaine. Defendant was represented by Federal Public Defender, Juan Matos de Juan. Prior to sentencing, a presentence investigation report was ordered by the Court. Sentencing was scheduled for February 25, 2000.

During defendant's initial interview with Probation Officer, Eva M. Maldonado-Reta, defendant's criminal history was considered, resulting in additional point adjustments for criminal convictions in the following categories: (1) attempted murder reduced to aggravated assault, in violation of Articles 6 and 8 of Puerto Rico's weapon law; (2) two

years and six months as to each count; (2) Robbery reduced to possession of stolen goods, resulting in a three (3) year prison term; (3) attempted first degree murder and violations to Articles 8-A, 5, 11 (2 counts) 6, 8 and 32 (2 counts) of Puerto Rico weapon law, resulting in multiple concurrent sentences, but consecutive to any other sentence previously imposed. The subtotal of defendant's Criminal History points equated to nine (9) points.

Based on the author's analysis of defendant's criminal history and prior convictions under Puerto Rico law, defendant was elevated to "Career Offender" status, See PSI Report, pp. 9 - 12 attached as exhibit 1.

### ARGUMENT

I. DEFENDANT'S MOTION SHOULD BE GRANTED BECAUSE THE IMPRIMATUR USE OF PRIOR CONVICTIONS UNDER PUERTO RICO LAW FAILS TO COMPORT WITH THE INDICTMENT CLAUSE OF THE FIFTH AMENDMENT, U.S. CONSTITUTION, AND THEREFORE, DENIES DUE PROCESS OF LAW.

Defendant contends that modification of sentence is warranted because there is a clear ambiguity in the statutory section establishing procedures for proving priors and use of priors for enhancement purposes under current drugs laws, 21 USC 846. Under defendant's theory of events, and interpretations, his priors would not be usable (for enhancement purposes as a Career Offender) because the jurisdiction which the convictions were obtained, Puerto Rico, "does not use grand juries, and the use of said convictions offends due process of law."

A perspicious reading of the PSI report, page 12, adds clarity to defendant's position. The author stated "However, since the defendant was over 18 years old at the time of the instant offense, the instant offense involved a conspiracy to possess with intent to distribute controlled substances, and the defendant has two prior felony convictions for crimes of violence, pursuant to U.S.S.G. § 4B1.1, he is considered

a career offender." Based on the statutory maximum term of imprisonment of life, the offense level should remain at forty (40) and the criminal history category should be increased to VI. Id.

The two prior felony convictions for crimes of violence cannot be used as a predicate for 'career offender' status pursuant to § 4B1.1., and companion provisions because, the defendant Gonzalez "did not" received the Constitutional protection of having a Grand Jury issue and indictment upon defendant under Puerto Rican law, see e.g. United States v. Collado (Rivera-Rosa), C.A. 2 No. 95-1512 (January 13, 1997), and consequently, these convictions are a nullity.

The Fifth Amendment of the U.S. Constitution states: Mo person shall be held to answer for a capital, or otherwise infamous crime, unless, on a presentment or indictment of a Grand Jury,...nor be deprived of life, liberty, or property, without due process of law. The U.S. Contution recognizes both substantive and procedural due process components consistent with due process concerns.

It is undisputed that Puerto Rico doesn't use grand juries to prosecute felonies by indictment, Collado/Rosa, supra, 60 CrL 1366, exhibit 2 attached hereto. The use of prior convictions, without Grand Jury action, clearly violates the spirit of federal law and the U.S. Constitution. Therefore, the 'rule of lenity' should apply and, be the yardstick for determining the practicality of a lower sentence without the benefit of any career offender guideline applications. Bifulco v. United States, 447 U.S. 381, 387 (1980) holding, "the rule of lenity is a principle of statutory construction [that] applies not only to interpretations of the substantive ambit of criminal prohibitions, but

Page Four

also the penalties they impose." Id at 387. Under the rule of lenity, any doubt about the interpretation of a penal statute must be resolved in favor of the defendant. <u>Bell v. United States</u>, 349 U.S. 81, 83 - 84 (1955); <u>Bifulco</u>, 447 U.S. at 400. Moreover, the application of the rule of lenity in this case would not be an 'inexorable command to override common sense. <u>United States v. Brown</u>, 333 U.S. 18, 25 (1948).

Additionally, if the court should determine that the rule of lenity does not apply, then a modification of sentence should be considered or accomplished under the 'ends of justice' standard, see <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); fundamental miscarriage of justice exceptions, see <u>Murray v. Carrier</u>, 477 U.S. 478 (1986) and, or, in the interest of justice, see e.g. <u>Townsend v. Burke</u>, 334 U.S. 736, 740 - 41 (1948)(due process requires that sentence be based on accurate information); <u>United States v. Tucker</u>, 404 U.S. 443, 447 (1972)(reversal required where sentence founded at least in part upon misinformation of constitutional magnitude); <u>United States v. Roman</u>, 989 F.2d 1117, 1128 n. 5 (11th Cir. 1993)(en banc)(defendant has a "due process right to be sentenced based on reliable evidence").

The Government moreover bears the burden of proving each element of the §4B1.1 by a preponderance of evidence. See <u>United States v. Miele</u>, 989 F.2d 659, 663 (3rd Cir. 1993); <u>United States v. Washington</u>, 115 F.3d 1008, 1110 (D.C. Cir. 1997).

II. THE COURT'S APPLICATION OF §4A1.3, U.S.S.G. AS A GUIDPOST FOR APPLYING CAREER OFFENDER GUIDELINES IS STATUTORILY VAGUE AND THE RULE OF LENITY SHOULD APPLY BECAUSE, THE GUIDELINES DO NOT CONSTRIN THE COURT'S DISCRETION WITH RESPECT TO AN APPROPRIATE CATEGORY.

Defendant contends that the rule of lenity or vagueness doctrine

should warrant sentence modification because, the Court's exercise of discretion in applying § 4A1.3, §4B1.1, career offender provisions, are candidly vague. Under the U.S.S.G., the guidelines afford the court the discretion to "ratchet" upward in levels and horizontally across to determine a salutary category range the court deems appropriately suitable and tailored to the circumstances..without adequate due process safeguards accorded to the defendant or considering other categories before leaping directly to category VI (Career Offender). Then, it follows, that evidentiary safeguards are not being applied, thus rendering the Guidelines unconstitutionally vague. See e.g. Connolly v. General Construction Co, 269 U.S. 385, 391 (1926); Lanzetta v. New Jersey, 306 U.S. 451, 451 (1939); City of Chicago v. Morales, 527 U.S. 41 (1999).

Several district courts' held that, if a district court is concerned that a criminal history category underrepresents the seriousness of the defendant's conduct and potential for recidivism, the court is required under §4A1.3 to examine the typical history of those in the applicable category and determine whether defendant's history is signicantly more serious than that of most defendant's in the same criminal history, and "ratchet" from one category to the next, if the court is inclined to depart more than one level. United States v. Cicurrello 301 F.3d 135, 145 (3rd Cir. 2002)(citing Hicman, 991 F.2d 1110 (3rd Cir. 1993). The Hickman Court did not require the court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects in route to the category that it selects.

United States v. Harris, 44 F.3d 1206, 1212 (3rd Cir. 1995)(quoting Lambert, 984 F.2d 658, 663 (5th Cir. 1993)(en banc)). The point of the ratcheting process is to make certain that the district court's reasons for rejecting each lesser category are clear. United States v. La Bonte, 520 U.S. 751, 726.

In this case, the court never undertook nor made an on-the-record rejection of each lesser category while ratcheting horizontally to category VI. Moreover, based on defendant's prior Puerto Rican convictions (without charges being presented to a grand jury for issuance of an indictment) were used as a basis to enhance defendant's penalty, cf. Nichols v. United States, 511 U.S. 738, 744 (1994). Additionally, the guidelines are ambiguous with respect to an appropriate category range which could adequately reflect the seriousness of the crime's, see Staples v. United States, 511 U.S. 600, 619 n 17, 114 S.Ct. 1793 (1994)(rule of lenity requires that ambiguous criminal statute's be construed in favor of the accused). The rule of lenity is applicable when there is a grievous ambiguity or uncertainty in the language and structure of the statute, Huddleston v. United States, 415 U.S. 814, 831 (1974). United States v. Bass, 404 U.S. 336, 347 (1971), as oppose to Category VI.

Further, the statute(s) [4A1.3 and 4B1.1] are constitutionally vague because it does not limit or guide the corut's discretion as to which category adequately represents the seriousness of the crimes...in light of the fact that the Guidelines are currently discretionary, noy mandatory. See Booker/FanFan, 125 S.Ct. 738 (2004); Croxford, No. 2:02-CR-00302 PGC (July 29, 2004) United States District Court for the District

Page Seven

of Utah, Central Division). Compare Jones v. Henderson, 809 F.2d 946 (2nd Cir. 1987)(changes in the law have occurred and the petitioner made a colorable showing of factual innocence); United States v. Collado/Rivera-Rosa, supra.

Section 4A1.3 (policy Statement), U.S.S.G., states: If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. . . it is uncertain as to what reliable information indicates that the criminal history does not adequately reflect the seriousness of the defendant's past criminal conduct because, the PSI Report's author had requested State (Puerto Rico) records to confirm prior convictions--but, nevertheless, none were made available at the time of the author's completion of the PSI report.

That it made little or no difference that defendant was sentenced under Categories III through V, at Level 40, because each category warranted a life maximum sentence at level 40, although defendant was sentenced to 45-years imprisonment.

Accordingly, upon culling all the facts in this case, the Court should modify sentence and resentence defendant Gonzalez without the benefit of 'career offender' enhancements.

Respectfully Submitted

*[signature]*
Angel C Gonzalez 11469-069
USP Allenwood
P.O. Box 3000
White Deer, Pa. 17887

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Motion for Modification of sentence, attachments one and two were mailed, postage paid, first class mail, this 26 day of July 2005, and properly addressed to: Office of the United States Attorney, Criminal Division, Nelson Perez-Sosa, AUSA, US Attorneys Office, Torre Chardon, Room 1201, 350 Carlos Chardon Street, San Juan, P.R. 00918.

*Angel Chevere Gonzalez*
Angel C Gonzalez Pro Se
cm# 7003 3110 0006 1304 6757