**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>[7] ANGEL CHÉVERE-GONZÁLEZ,<br>Defendant. | **CRIM NO.** 97-245 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Angel Chévere-González's ("Defendant" or "Mr. Chévere-González") pro se *Motion for Sentence Modification Pursuant to Amendment 814, Amendment 821, The First Step Act, and 18 U.S.C. §§ 3582(c)(1)(A), 3559(h)* (the "*Motion*"); Magistrate Judge Marcos E. López's *Report and Recommendation Re: Amendment 821* (the "*R&R*"); Defendant's *Urgent Supplement to Pending Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), U.S.S.G. § 1b1.13(b)(1), Amendments 814 and 821, and Section 603(b) of the First Step Act — Newly Discovered Material Evidence Of Life-threatening Chronic Myelogenous Leukemia*, filed with representation of counsel; and Defendant's *Motion in Compliance with the Court's Order (ECF No. 1164) Submitting Updated Medical Records, Bureau of Prisons Institutional Records, and Defendant's Release and Reentry Plan*

*(Exhibits A Through E) in Further Support of the Pending Motion for Sentence Reduction and Compassionate Release*, filed with representation of counsel. (Docket Nos. 1146, 1153, 1155, and 1167, respectively). The United States (the "Government") filed two responses thereto. (Docket Nos. 1160 and 1175). Mr. Chévere-González then filed a *Reply to the* United States' *Response*. (Docket No. 1179). For the reasons set forth below, the request for compassionate release is **DENIED.**

## I. BACKGROUND

On March 31, 2000, Mr. Chévere-González was sentenced to 540 months of imprisonment and a term of supervised release of ten (10) years for conspiracy to possess with intent to distribute over one thousand (1,000) kilograms of cocaine, over five (5) kilograms of heroin, and over five thousand (5,000) pounds of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docket No. 647 at 1-2); *see also* (Docket Nos. 119 and 501). Defendant had at least two prior convictions for crimes of violence, and his total offense level was thirty-eight with a criminal history category of six. Defendant has filed previous habeas corpus petitions, motions for reduction of sentence, and motions for compassionate release which the Court denied. *See* (Docket Nos. 994, 1007, 1025, 1119 and 1124).

On June 24, 2025, Mr. Chévere-González filed the present *Motion*. (Docket No. 1146). Mr. Chévere-González later filed two

supplements to his *Motion*. Defendant has served approximately 28 years of his 45-year sentence. (Docket No. 1155 at 4). Defendant claims to have exhausted all administrative remedies, which the Government does not contest. Id. at 3. Defendant claims there are extraordinary and compelling reasons justifying his release under 18 U.S.C § 3582 (c)(1)(a), some of which the Court discusses below.

Mr. Chévere-González states that, on February 19, 2026, he was diagnosed with Chronic Myeloid Leukemia ("CML"), a cancer of the bone marrow and blood cells which requires him to receive lifelong, lifesaving care. (Docket No. 1155 at 3). He also avers that sentencing practices have shifted, making his sentence longer than it would be today, and that all of his co-defendants, including those with greater leadership roles, have been released, some with their sentences reduced, while Defendant remains incarcerated. (Docket No. 1146 at 7). Defendant further posits that he has shown exceptional rehabilitation, including extensive vocational training and a clean disciplinary record. Id. at 13. Defendant argues the § 3553(a) factors weigh in favor of his release and that the factors of just punishment, deterrence, and protection of the public have been satisfied. (Docket No. 1155 at 17). Finally, Mr. Chévere-González asserts he has a release plan including an offer of employment and support from his family and the community which will help him during his reintroduction to

society and procurement of his medical health needs. (Docket No. 1167).

In response, the Government asserts that Mr. Chévere-González's *Motion* should be denied. It claims that Defendant has not offered extraordinary and compelling reasons to justify release and that he does not show that § 3553(a) factors warrant a sentence reduction. (Docket No. 1160 at 7). The Government argues that "Defendant's medical conditions are being adequately managed by the Bureau of Prisons and, therefore, do not constitute extraordinary and compelling circumstances warranting compassionate release." (Docket No. 1175 at 1). The Government further argues that defendants who receive compassionate release primarily for medical reasons have more serious active conditions than Defendant or at least ones that can't be treated as easily. Id. The Government also claims that Mr. Chévere-González is not eligible for a sentence reduction on the grounds that he received an unusually long sentence due to the recent Supreme Court decision in Rutherford v. United States, 608 U.S. 454 (2026). (Docket No. 1175 at 2).

## II. APPLICABLE LAW

A court may modify a term of imprisonment to grant compassionate release under 18 U.S.C. § 3582(c). A defendant may not file a motion for compassionate release before he has "fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id.

In evaluating a compassionate release motion, the district court engages in a multi-step inquiry. United States v. Burgos-Montes, 142 F.4th 48, 57 (1st Cir. 2025). Initially, it determines if the defendant is eligible for compassionate release by assessing (1) if the defendant has presented "extraordinary and compelling reasons warrant[ing] such a [sentence] reduction," and (2) whether the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If the defendant is eligible for compassionate release under these two criteria, the district court then considers the relevant § 3553(a) sentencing factors and "determine[s] whether, in its discretion, the [sentence] reduction ... is warranted in whole or in part under the particular circumstances of the case." Burgos-Montes, 142 F.4th at 57 (citing United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021)).

Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." United States v. Canales-Ramos, 19 F.4th 561, 566 (1st Cir. 2021). The "plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree .... By the same token, the plain

meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." Id. (citations omitted). Moreover, "[a] district court's balancing of the section 3553(a) factors represents a quintessential judgment call[.]" United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022).

The Sentencing Commission's policy statement on compassionate release lists various examples of possible extraordinary and compelling reasons that can warrant release. U.S.S.G § 1B1.13. Among them, are certain medical circumstances, the defendant's age, the defendant's family circumstances, the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, a catch-all provision of any other reason or combination of reasons similar in gravity to those described previously, and if the defendant received an unusually long sentence and there is an applicable retroactive change in the law. Id. The policy statement also requires the court to make a finding that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

## III. ANALYSIS

### A. Amendment 821

Defendant's *Motion* was referred to United States Magistrate Judge Marcos E. Lopez pursuant to the provisions of the *Administrative Directive Regarding Amendment 821*. (Docket No.

1147); *see also* 23-mc-565 (Docket No. 1). On January 12, 2026, Magistrate Judge Marcos E. Lopez issued a *Report and Recommendation* finding that Defendant was not eligible for a sentence reduction because he has criminal history points from Chapter Four, Part A, and the application of Amendment 821, Part A and Part B, subpart 1, does not have the effect of lowering Defendant's applicable guideline sentence range—which is 360 months of imprisonment to life. (Docket No. 1153). The Magistrate Judge found that, even if hypothetically one were to disregard the fact that Defendant was a career offender and instead viewed him as someone with a criminal history category of V, Amendment 821 still would be of no avail to him. Id. at 3. That is, the sentencing guideline range would still be 360 months of imprisonment to life. Id. Defendant objected to the *R&R*. (Docket No. 1154).

"[W]hen a lower court produces a comprehensive, well-reasoned decision," the reviewing court "should refrain from writing at length to no other end than to hear its own words resonate." Vega-Morales v. Comm'n of Soc. Sec., 380 F. Supp. 2d 54, 56 (D.P.R. 2005) (quoting Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996)). Here, the Court **ADOPTS** the *R&R*, which correctly determined that the defendant is not eligible for a sentence reduction because he does not meet all the conditions specified by § 4C1.1. (Docket 1153 at 1). Specifically, the defendant is barred because has criminal history points from

Chapter Four, Part A, and the application of Amendment 821, Part A and Part B, subpart 1, does not have the effect of lowering Defendant's applicable guideline sentence range. Id. at 1.

**B. Compassionate Release**

**i. Extraordinary and Compelling Reasons**

As a threshold matter, and as Defendant concedes at Docket No. 1179, the Court may not consider non-retroactive changes in the law in assessing whether Defendant received an unusually long sentence. Rutherford, 608 U.S. at 454. Therefore, the Court does not consider Defendant's unusually long sentence arguments. Moreover, after careful consideration of the record, the Court finds that the reasons advanced by Defendant regarding his "medical condition" and rehabilitation efforts do not rise to the level of extraordinary and compelling warranting compassionate release.

First, with respect to the state of Defendant's health, there is evidence in the record demonstrating that his medical circumstances are serious. Defendant suffers from a serious illness—CML—that requires lifelong, specialized care without which Defendant could face serious deterioration or death. This condition, while survivable through constant monitoring and treatment, is not expected to go away, but could. (Docket Nos. 1167-6 and 1167-1 at 44). Mr. Chévere-González's medical records show that his health condition requires him to continue receiving

treatment and be under constant supervision. *See* (Docket No. 1167-1).

However, section B of the U.S.S.G. 1B1.13 policy guidance indicates that the condition must be serious *and* "substantially diminish… the ability of the defendant to provide self-care within the environment of a correctional facility." There is no evidence in the record establishing that Defendant's condition, while undoubtedly serious, "substantially diminishe[s]… [his] ability to provide self-care within the environment of a correctional facility." First, the medical condition is being adequately managed by the medical staff at Butner, as Defendant is receiving the treatment he requires and showing signs of improvement. *See* (Docket No. 1167-6) (Defendant's nurse practitioner explaining that there has been "clinical improvement due to the prescribed therapy, including an important reduction in Defendant's white blood cell count"); (Docket No. 1167-1 at 44) (explaining that defendant's white blood cell count has improved, and also listing defendant's CML as "mild"). Second, Mr. Chévere-González has no physical limits marked and "no restrictions" listed on his ability to work in Butner, showing further that he may provide self-care within the confines of the facility. (Docket No. 1167-1 at 31). Defendant has thus not shown that CML has "substantially diminished" his ability to perform daily self-care tasks.

The majority of defendants who are granted compassionate release for medical reasons have more serious conditions that impact their ability to provide self-care. *See, e.g.*, United States v. Garner, No. CR H-14-13, 2024 WL 4068765, at *2 (S.D. Tex. Sept. 5, 2024) (granting compassionate release after finding the defendant's quadriplegia as grounds sufficient to satisfy U.S.S.G. § 1B1.13(b)(1)(B)'s requirements of the individual's medical condition being both "serious" and "substantially diminish[ing]… [the] ability to provide self-care"); *see also* United States v. Rodriguez, 424 F.Supp.3d 674, 682 (N.D. Cal. 2019) (denying compassionate release to a paraplegic who could perform most daily tasks, even though he had no expectation of recovery, and collecting cases). Other defendants were granted such relief during the height of the COVID-19 pandemic for conditions that would not be considered extraordinary and compelling under normal circumstances. *See* United States v. Jones, 980 F.3d 1098, 1105 (6th Cir. 2020) (noting that as of November 20, 2020, federal courts had compassionately released more than 1500 more inmates in 2020 than in 2019). Given the effective treatment of his medical condition in Butner Federal Medical Center, and his continued ability to provide self-care, Mr. Chévere-González does not meet the criteria of the policy statement regarding medical circumstances.

Defendant further argues that even if his condition does not qualify as a serious medical condition within the meaning of subsection (b)(1), his lifelong treatment needs and the severity of his condition must be part of the "combination analysis under § 1B1.13(b)(5)." But Defendant misreads the federal sentencing policy statement.

The Court has determined that Defendant's medical condition does not meet the standard proscribed in U.S.S.G. § 1B1.13(b)(1)(B) of extraordinary and compelling reasons. Therefore, Defendant's only remaining argument for compassionate release is his rehabilitation efforts. *See* U.S.S.G. § 1B1.13. But, for purposes of the policy statement, rehabilitation by itself cannot constitute such a reason. *See* U.S.S.G. § 1B1.13(d) ("Rehabilitation of the Defendant.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). It is true that the rehabilitation efforts made by Mr. Chévere-González while serving his sentence for nearly the past three decades are commendable, and if the Court were to consider him as having met the threshold inquiry of providing an extraordinary and compelling

reason, those efforts would be considered in concert with his medical condition. But those efforts on their own cannot be an extraordinary and compelling reason, as is required under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.13(b), and so the inquiry stops there. *See, e.g.*, United States v. Bledsoe, No. 22-2022, 2022 WL 3536493, at *2 (3d Cir. Aug. 18, 2022) (agreeing with the lower court that rehabilitation alone cannot be considered an extraordinary and compelling reason). The Court thus does not reach the 18 U.S.C. § 3553(a) factors. Burgos-Montes, 142 F.4th at 57.

**IV. OTHER FACTORS MENTIONED**

Mr. Chévere-González also avers that sentencing practices have shifted, making his sentence longer than it would be today, and that all of his co-defendants, including those with greater leadership roles, have been released, some with their sentences reduced, while Defendant remains incarcerated. (Docket No. 1146 at 7). The Court disagrees that this merits a redetermination of his sentence. Prior to the commission of the crimes for which Defendant is serving time currently, Mr. Chévere-González had committed two violent felonies making him a career offender. (Docket No. 647 at 1-2). Defendant's crime in this case was for serious drug offenses that involved massive quantities of cocaine, heroin, and marijuana, mentioned by the Court *supra*. Defendant's status as a career offender and commission of the aforementioned offenses renders him subject to the same penalties under the guidelines

today as then. The Court thus declines to reduce the sentence imposed, in line with the *R&R* adopted from the Magistrate.

## V. CONCLUSION

Defendant Angel Chévere-González has failed to establish that extraordinary and compelling circumstances exist to justify a reduction in his sentence or an early release. Accordingly, Mr. Chévere-González's *Motions* at Docket Nos. 1146, 1155 and 1167 are **DENIED**. The *Report and Recommendation* at Docket No. 1153 is **ADOPTED**. The Government's Motion in Compliance at Docket No. 1175 is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of October 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge